IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-40070-01-JAR |
| | ) | |
| SCOTT C. DEPPISH, | ) | |
| Defendant. | ) | |

**MOTION TO SUPPRESS**
**YAHOO EMAIL SEARCH WARRANT**

COMES NOW Scott Deppish to ask the Court to exclude from trial any evidence or information derived from the warrant served on the service provider Yahoo, in connection with an email address attributed to Mr. Deppish. The warrant asked for a wide array of information, including email contents, contact lists, credit and bank account information, and, generally, files. Mr. Deppish had a reasonable expectation of privacy in this information, and the warrant failed the particularity requirement of the Fourth Amendment and lacked probable cause to search that account. Further, Mr. Deppish is entitled to a *Franks v. Delaware* hearing based on the content of the affidavit.

**I. Introduction: District of Kansas case law**

The warrant in this case closely parallels, both in breadth and structure, those in District of Kansas cases *In re: Application for Search Warrants for Case nos. 12-MJ-8119-DJW*, *et.seq,* 2012 WL 4383917 (D.Kan. 2012), Waxse, J. (hereinafter, Application I); *In re: Application for Search Warrants For information Associated with Target Email Accounts/Skype Accounts*, 2013 WL 4647554 (D.Kan. Aug. 27, 2013), Waxse, J. (hereinafter *Application II)*; and *United States v. Barthelman*, Case No. 13-

10016-MLB, 2013 WL 3946084 (D. Kan. 2013), Belot, J. In each case, as here, the warrant violated the Fourth Amendment.

Mr. Deppish's particular challenge tracks Judge Waxse's analyses, and reaches the same conclusion.  While Judge Waxse's opinions follow refusals to grant warrant applications, Judge Belot addresses a challenge to the warrant, post-execution, the same posture that Mr. Deppish holds. Turning away other challenges, Judge Belot, in line with Judge Waxse's analyses, found the warrant overbroad and "not as particular as the Fourth Amendment requires."[1]

## II. Relevant Facts and Procedural History

The affiant in this case was familiar with a photo sharing site, imgsrc.ru, a legitimate image sharing cite but also one popular amongst those trading child pornography images. Particular to this case, two photo albums were discovered on that website, posted on a Russian image board. One album was password protected and did not contain any child pornography. The other album contained only four images, described as "9 y/o/ granddaughter sleeping." Russian officials tagged the information, the associated email account and the access log files. Those were forwarded to Homeland Security in Fairfax, Virginia.

According to Homeland Security reports, a user self designated as "Dirtyoldman71" created an account on imgsrc.ru, and then created the two albums in that account. *There is no allegation that these images were ever e-mailed*. The connection between the images posted by Dirtyoldman71 and the e-mail subject to the Yahoo warrant was first alleged by Russian law

---

[1]*Barthelman*, at *11.

enforcement, to-wit: "the email account registered by Dirtyoldman71 is pigbreeder1971@yahoo.com."[2]

A subpoena, not a warrant, was sent to Yahoo for subscriber information and IP history. Scott Deppish was identified as the registered owner of the email account. The same IP addresses were used to log into the imgsrc account.

## A.  The Scope of the Warrant

Based on this, the Government applied to the federal magistrate for a warrant to Yahoo for all information associated with the email address, pigbreeder1971@yahoo.com.[3]  The "Particular Things to be Seized," attached to the warrant application as Exhibit B, is broad and detailed, and not subject to synopsis for the purpose of this motion:

> a. The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;
>
> b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

---

[2]Dept Homeland Security Report, Agent Kanatzar, Topic: Execution of Search Warrant on Email Address, at pg 2, attached as Exhibit 406.

[3]Search Warrant Affidavit Attachment A, attached to this motion as Exhibit 403.

c. All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

d. All records pertaining to communications between Yahoo! Inc. and any person regarding the account, including contacts with support services and records of actions taken.

That is the information that Yahoo disclosed to the government.[4] After reviewing all of this information, the government was authorized to "seize" essentially the same data, if it constituted evidence of child exploitation. This included:

a. . . . data tending to show the user of the account, including but not limited to subscriber information, IP logs, address books, friend-lists or buddy-lists, headers, salutations, and email content referencing the user or other identifier information such as credit card numbers, phone numbers or physical addresses; content that is child pornography or indicative of an interest in the sexual exploitation of children, including but not limited to images of child pornography, images of child erotica, communications about child pornography or the possession, receipt, distribution or production of such materials or the sexual exploitation of children, communications about literature or writings related to the sexual exploitation of children.

b. Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts.

## B. The Probable Cause for the Warrant

The images of concern at this juncture were in the album entitled "9 yo granddaughter sleeping." Those images were described, but apparently not shown to the magistrate. The description:

---

[4]Return, attached as Exhibit 405.

Your affiant has reviewed the image files titled "IMG_0027.jpg," "IMG _ 0028.jpg" and both images depict the same girl, approximately nine to ten years old, asleep in what appears to be a bed. The girl is facing away from the camera and has no shirt on and is under a peach-colored bed sheet that comes up to the girl's bare shoulder. These two images are considered to be child erotica. Your affiant has also reviewed the image files titled "IMG_0031.jpg" and "IMG_0032.jpg" and both images depicts the same girl, approximately nine to ten years old, and the girl appears to be asleep in a bed, lying face down. The girl's face is not visible in either image. In both images, the girl is wearing a black shirt and blue panties and is lying on peach-colored bed sheets. In both images, the bed sheets are pulled down to the girl's knees, and one of her hands is placed between her legs. Both images appear to be taken at the foot of the bed and the focus of the camera is on the girl's genital area. Your affiant believes these two image files meet the criteria of child pornography as defined in 18 U.S.C. § 2256.

So, within these images, the girl is asleep and fully clothed, untouched and no one else is in the photograph. Nothing is being done to the clothed, sleeping child. The photographs are not inherently sexual or pornographic. The suggestion that her hand was placed between her legs is misleading – that appears to be her natural position, not one arranged by someone else.

The images that are the focus of the warrant affidavit *were not emailed*. The agents already knew the identity of the person registering that email with the provider, so the warrant was not for identification purposes. Comments were posted at the site, but no allegations that the account holder used or responded, by email or otherwise.

Moreover, the affiant alleges that the email pigbreeder1971@yahoo.com was a means for users to contact dirtyoldman71. This suggests the email was readily available to anyone visiting the site.  In the affiant's investigative report, however, that same email address is hidden: "Dirtyoldman71 self-registered the IMGSRC account on November 11, 2011, linking the

account to a hidden email address. Data provided by IMGSRC through Russian law enforcement indicates that the email account registered by Dirtyoldman71 is pigbreeder197l@yahoo.com."[5] A URL of the profile is then provided, but defense counsel, ever cautious, did not investigate further to determine whether the email was hidden or readily available to other imgsrc users.

### C. The Fruit of the Warrant

Yahoo complied with the warrant, and the government reviewed all of the information provided, including the content of some 1028 email messages. None contained any child pornography, but 84 were "related to the Russian website imgsrc.ru," with the majority asking Dirtyoldman71 for a password. Six were offering passwords to other accounts. The agent accessed some of those accounts, and none contained any child pornography. Two other photo albums were locked by the website for "inappropriate material."[6]

The fruit of the warrant establishes the connection between Scott Deppish and the email pigbreeder1971@yahoo.com, and it was associated with the account holder who allegedly posted the questionable four images on imgsrc.ru. Mr. Deppish seeks to exclude that information, and any information subsequently developed, from that source.

---

[5]Dept Homeland Security Report, Topic: Execution of Search Warrant on Email Address, Agent Kanatzar, 11.29.12, at pg. 2.

[6]Dept Homeland Security Report, Topic: Examination of Email for Child Porn, Agent Kanatzar, 2.12.13, at pg. 3.

### III.  Mr. Deppish had an Expectation of Privacy in the Electronic Material Held by the Service Provider Yahoo.

The Fourth Amendment protects against unreasonable government invasion of private "houses, papers, and effects." Any warrant for search and seizure of privately held property or places must "particularly describ[e] the place to be searched and the persons or things to be seized."[7] To garner the protection of the Fourth Amendment, there must be both a subjective and objective expectation of privacy in the thing to be searched.

Here, the thing to be searched is stored electronic information – not just email source and destination, but the content; draft emails, those which are written and stored on a personal computer but not sent; financial information, including means and source of payments, including credit and bank account numbers, and contact lists, calendar data, and the general category of "files."[8]

In *Application I*, which appears to be a matter of first impression, Judge Waxse carefully analyzes the expectation of privacy in email and related communication and determines that it is subject to the Fourth Amendment warrant requirement. Although the United States Supreme Court has not addressed the issue directly, Judge Waxse considered *City of Ontario, California v. Quon*,[9] which assumed a reasonable expectation of privacy in text messages, then followed the

---

[7]US Const. Amend. IV. The information sought also falls under the Stored Communications Act, 18 U.S.C. §2701, *et. seq.*, which requires, generally, compliance with statutory warrant requirements, here, Fed. R. Crim. Pro. 41. Mr. Deppish's argument, for the purpose of this motion, is a constitutional rather than statutory challenge. Compliance with statutory provisions may still violate the Fourth Amendment.

[8]Affidavit, Exhibit B, attached here as Exhibit 404.

[9] – US –, 130 S.Ct. 2619, 2630 (2010)(assuming that an employee had a reasonable expectation of privacy in text messages sent and rec'd on gov't owned pager).

Sixth Circuit's reasoning in *United States v. Warshak.*[10] The Court concluded that there was a reasonable expectation of privacy in the stored communications held by service providers.[11] Accordingly, the Fourth Amendment requires that the warrant be based on probable cause, meet particularity requirements, be reasonable in nature of breadth, and be supported by affidavit.[12] The same Court reached the same conclusion this year with regard to a similar application, *Application II,* as did Judge Belot in *United States v. Barthelman.*[13]

## IV. Particularity

It is beyond dispute that the government sought everything Yahoo had related to that email account.  The affiant admits as much in the affidavit: "Your affiant seeks the contents of the entire account, as preserved by Yahoo upon receipt of the preservation letter [of October 22, 2012], and as the account in its current state, as found by Yahoo upon receipt of the search warrant."[14]

This is a general warrant. General warrants lack the particularity prescribed by the express language of the Fourth Amendment. General warrants are unconstitutional.[15]  "The Fourth Amendment requires that the government describe the items to be seized with as much

---

[10]631 F.3d 266, 282-88 (6th Cir. 2010)

[11]*Application I*, at *5.

[12]*Id.*

[13]*Application II, at *4.*

[14]Affidavit at 11.

[15]*Maryland v. Garrison*, 480 US 79 (1987); *United States v. Galpin,* 720 F.3d 436, 445 (2d Cir. 2013)(in a child pornography case, holding that a warrant to search for electronic equipment for violations of state or federal law was a general warrant, and therefore unconstitutional.)

specificity as the government's knowledge and circumstances allow, and warrants are conclusively invalidated by their substantial failure to specify as nearly as possible the distinguishing characteristics of the goods to be seized."[16] Such descriptive particularity is absent here, by design according to the affiant.

Returning to the opinions authored by Judge Waxse and Judge Belot, the law applied to similar, if not indistinguishable, facts has the same result. Broad warrants to the service provider for all information associated with an email account simply lack particularity required by the Fourth Amendment.[17]  While this is more difficult in the "digital realm[18]," the Fourth Amendment still requires particularity. In fact, such warrants deserve even closer attention, because of the capacity for so much information to be stored in one space. [19] By the terms of the warrant, nothing should be left to the searching officer's discretion. [20]

*United States v. Carey* applied the particularity requirement to a computer search,[21] noting that electronic storage contains greater quantity and different quality of information than

---

[16]*United State v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988).

[17]*United States v. Barthelman*, at *11 ("the court finds that the warrants were overbroad and not as particular as the Fourth Amendment requires.").

[18]*Application II*, at *4.

[19] *United States v. Otero*, 563 F.3d 1127, 1132 (10th Cir. 2009)  ("The modern development of the personal computer and its ability to store and intermingle a huge array of one's personal papers in a single place increases law enforcement's ability to conduct a wide-ranging search into a person's private affairs, and accordingly makes the particularity requirement that much more important. Because of this, our case law requires that "warrants for computer searches must affirmatively limit the search to evidence of specific federal crimes or specific types of material."); *Application II*, at *6.

[20]*Id.*

[21]*Id.*; *United States v. Carey*, 172 F.3d 1268, 1275 (10th Cir. 1999); *see United States v. Otero*, at 1132(warrant authorizing search of a computer set no affirmative limitations).

previous storage methods, like, say, a filing cabinet.  From this principle, Judge Waxse undertook the task of applying the particularity requirement to email accounts held by service providers. The Court concluded that the warrant – substantially the same as the one here – was unconstitutional.[22] The request for the provider to disclose "all email communications in their entirety and all information about the account without restriction" was simply too broad and too general.  And "[m]ost troubling is that these sections of the warrants fail to limit the universe of electronic communications and information to be turned over to the government to the specific crimes being investigated,"[23] as is the case here.

Further, the failure to limit the government's review of the entire sphere of electronic information, without "any sorting or filtering procedures for electronic communications and information that are not relevant and do not fall within the scope of the government's probable cause statement" would render the warrant in that case unconstitutional.[24]  Thus, the Court refused to sign warrants, both in the September 2012 and April 2013 applications. Judge Belot came to the same conclusion in *United States v. Barthelman*.

The same defect renders this warrant unconstitutional.  The complete absence of any limitations on information provided is fatal to the particularity requirement. The evidence and information derived from that warrant must be excluded from trial.

----

[22]*Application I*, at *8-9. "As to the current pending applications, the Court finds that the warrants proposed by the government violate the Fourth Amendment."; *Application II, at *7-8.*

[23]*Application I, id.*

[24]*Id.*

## V.  Lack of Probable Cause

A warrant must be supported by probable cause to believe that evidence of a crime will be found in the place to be searched.[25]  That is, the affidavit must have sufficient fact to allow a prudent person, within the totality of the circumstances, to believe that there is a fair probability that evidence of the crime will be found in the place to be searched.[26]  This warrant fails on both probable cause to believe that evidence of a crime would be found, and on the nexus requirement – that the evidence would be found in the place to be searched, the Yahoo email account.

### A. Evidence of a Crime

The images described in the affidavit are not child pornography and do not depict sexually explicit conduct, despite the affiant's assertion.  These images are not inherently sexual in nature, even by the affiant's description. A clothed or covered sleeping child, with no one else in the photo and nothing being done to the child, does not violate the statute. The definitional statute referenced in the affidavit provides that "'child pornography' means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct . . . "[27] "Sexually explicit conduct is defined in subsection

---

[25]*Illinois v. Gates*, 462 US 213, 238 (1983).

[26]*United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001).

[27]18 U.S.C. §2256(8)(A).

(2) as "(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation;  (iv) sadistic or masochistic abuse; or  (v) lascivious exhibition of the genitals or pubic area of any person."

The described images do not qualify.  That the images drew lascivious comments does not establish probable cause, especially without any information that the account holder responded in any way. Likewise, the affiant's assertion that the images are illegal cannot support probable cause: "It has long been established that a warrant must be supported by facts demonstrating probable cause, not by police summaries of what they have concluded from such facts."[28]

Without child pornography, there is little left in the application to justify a warrant.[29] There is no allegation that the email was used to exchange images; no information that any of the comments posted to the imgsrc site were responded to; the other set of images were not child pornography, either. That non-criminal conduct may be connected to that email address is not probable cause to believe a crime was committed.

---

[28] *United States v. Roach*, 582 F.3d 1192, 1203 (10th Cir. 2009), citing  *Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (holding that "mere conclusory statement[s]" cannot support probable cause).

[29]*Cf.*, *United States v. Riccardi*, 405 F.3d 852, 860 (10th Cir. 2005)( affidavit for a warrant to seize computer to search for child pornography included that the defendant called teenage boys fo his sexual gratification; he had a number of photographs of nude teenage boys; evidence that he had photographs digitalized for a computer format; this satisfied probable cause).

**B. The Place to be Searched - Nexus**

Here, the facts alleged in the affidavit hold that a user self designated as "Dirtyoldman71" created an account on imgsrc.ru, and two albums in that account that included nude photos of an adult woman and one that contained four images described above.  There is no allegation that these images were ever e-mailed, or information that the email account was actually used. The only connection between the images posted by Dirtyoldman71 and the email pigbreeder1971@yahoo.com was alleged by Russian law enforcement, to-wit: "the email account registered by Dirtyoldman71 is pigbreeder1971@yahoo.com."[30]

While a number of comments were posted at the site, the affiant does not allege that any were posted by the account holder or that there was any response at all. Nor is there any evidence that the email account was ever used in association with this website or with any child pornography whatsoever. And it is unclear whether the e-mail was published with the albums as a way to contact the account holder, or 'hidden' as suggested by the Homeland Security Report.

Either way, the affidavit does not establish probable cause to believe that evidence of child pornography would be found in the email account.  There must be a nexus between the place to be searched and criminality, that is, a "fair probability that . . . the evidence of a crime [here, child pornography] will be found in the place searched [the Yahoo account]."[31] Suspected guilt of a crime, even a cyber-crime, does not automatically grant access to electronic media, just

---

[30]Dept Homeland Security Report, Agent Kanatzar, Topic: Execution of Search Warrant on Email Address, at pg 2.

[31]*Gates* at 238.

as suspected guilt of drug crimes does not grant automatic access to one's home.[32]  Here, that nexus fails.

Compare *United States v. Henderson*[33], a 2010 Tenth Circuit decision. There, a warrant was issued to search the defendant's apartment. The affidavit alleged the affiant's professional background; "the general protocol investigating officers use to identify distributors of child pornography, including how officers usually determine that a computer at a given IP address has transferred a video with a particular SHA value; and states that [the affiant] learned that a computer with the relevant IP address had shared videos with child-pornography-related SHA values." The affidavit did not include information that a computer with that relevant IP address had transferred child pornography, or that the investigative methods used in that case established that a computer at a specified address transferred child pornography."[34]  This did not, as the parties and Court agreed, establish probable cause.

The same, or worse, deficiencies attend here. There was no information that the images were transferred by email from that address.[35] That is fatal to probable cause, even if the images did qualify as child pornography.

---

[32]*United States v. Roach*, at 1202 ("Probable cause to search a person's residence does not arise based solely upon probable cause that the person is guilty of a crime. Instead, there must be additional evidence linking the person's home to the suspected criminal activity.").

[33]595 F.3d 1198 (10th Cir. 2010).

[34]*Id.*, at 1200.

[35]*United States v. Barajas*, 710 F.3d 1102, 1110 (10th Cir. 2013)("[W]e must ask whether the affidavit as a whole establishes a minimally sufficient nexus between the illegal activity and the place to be searched.").

-14-

## VI. *Franks v. Delaware*

The content of this affidavit raise questions about the accuracy of the facts, as well as whether some omissions of material facts were material. "A search warrant must be voided and the fruits of the search suppressed where a court (1) finds that the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant and (2) concludes, after excising such false statements and considering such material omissions, that the corrected affidavit does not support a finding of probable cause."[36] A showing of falsity, by misleading information or by omission, entitles the defendant to a *Franks* hearing.[37]   The defendant must show by a preponderance of the evidence that the affidavit included false information, or excluded exculpatory information;[38] then that, without the false information or with the omitted exculpatory information, that the affidavit lacked probable cause.[39]

To win an evidentiary hearing, the defendant must demonstrate these challenged deficiencies, accompanied by an offer of proof.[40] Here, Mr. Deppish attaches the warrant affidavit as well as the agent's report as his offer of proof. Additionally, to the extent that Judge Waxse's 2012 opinion factors in, it is also cited as an offer of proof.

---

[36]*United States v. Garcia-Zambrano*, 530 F.3d 1249, 1254 (10th Cir. 2008), citing, *Franks v. Delaware,* 438 U.S. 154, 155–56(1978).

[37]*Id.* at 1254.

[38]*United States v. Tisdale*, 248 F.3d 964, 973 (10th Cir. 2001).

[39]*United States v. Troxel*, 564 F.Supp.2d 1235, 1244 (D. Kan. 2008).

[40]*Id.* at 1244, n. 3.

First is the affiant's claim that the images qualified as child pornography under the federal statute. "Assertions can be made with reckless disregard for the truth even if they involve minor details – recklessness is determined not by the relevance of the information, but by the demonstration of willingness to affirmatively distort th truth."[41] Reckless disregard for the truth occurs when the affiant either would have had serious doubts about the truth of the statement or had obvious reasons to doubt the accuracy of the assertion.[42]

While the affiant, an experienced and trained federal child pornography investigator,[43] asserted that the images met the federal statutory definition of child pornography, they do not. The affiant had actually viewed the images, whereas they were not presented to the issuing magistrate. The statutory definition was not included in the affidavit for direct comparison.

This assertion was materially misleading, if not wrong. The images are not sexually explicit by the affiant's own description – that is, portraying "(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person," as required by 18 U.S.C. §2256. This is either false, or made with reckless disregard of the truthfulness. A magistrate who relied on the affiant's conclusion relied on a false statement.

---

[41] *Wilson v. Russo*, 212 F.3d 781 (3d Cir. 2000).

[42] *See United States v. Clapp*, 46 F.3d 795, 800 and n.6 (8th Cir. 1995).

[43] See Affidavit, attached as Exhibit 402.

-16-

This is critical to the probable cause determination, because the warrant sought evidence of child pornography.  This cannot be excused as an innocent mistake by the Homeland Security officer who is a trained and  experienced computer child pornography investigator.[44]

Second, this affidavit was submitted after Judge Waxe's opinion in *Application I*. Counsel believes that the United States Attorney's Office requested a written opinion from the magistrate.  The issue here is whether Judge Sebelius should have been advised, within the affidavit or as part of the warrant application process, of a contrary decision within the District. An affidavit may be false by omission,[45] and thus entitled to a *Franks* hearing. This was "omit[ted] material information that would alter the magistrate's probable cause determination,"[46] or, as here, determination of particularity.

That information is both a factual and legal – as a fact, an existing and contrary opinion existed in the district and another magistrate had refused to sign a similar warrant. The affidavit included other legal references and opinions – particularly, that the images met the statutory definition of child pornography. The inclusion of legal references in other areas suggests that the affidavit should have included contrary case law that undermined the showing of particularity in this case. The offer of proof is the existence of Judge Waxse's opinion at the time the affidavit was submitted, and the affidavit's failure to reference the opinion.[47]

---

[44]*Troxel*, at 1247 (the number of false statements and omissions indicates recklessness, and not an innocent mistake).

[45]*United States v. Tisdale*, 248 F.3d 964, 973 (10th Cir. 2001).

[46]*Id*.

[47]This also causes curiosity about forum shopping - Judge Waxse's opinion on *Application I* makes clear that he would not have signed the warrant.

Third is the apparent inconsistency regarding the function of the pigbreeder1971@yahoo.com on the imgsrc.ru site. The affidavit represents that the email was, essentially, an invitation for communication between the account holder and those visiting the site. Homeland Security reports from the same source, however, refer to the email as hidden and provided through foreign investigative efforts: "Dirtyoldman71 self-registered the IMGSRC account on November 11, 2011, linking the account to a hidden email address. Data provided by IMGSRC through Russian law enforcement indicates that the email account registered by Dirtyoldman71 is pigbreeder197l@yahoo.com."[48]  If it was hidden, then it was not advertised as a means of communication. The site allowed comments to be posted, as noted in the affidavit. The fruit of the warrant shows that emails were sent to the email from site visitors, but it is unclear how that email was accessed and if was intended to promote child pornography.

## VII.  *Leon* **Cannot Rescue this Warrant**

When a warrant has been signed by a magistrate, the executing officers are entitled to rely on that warrant in good faith. Defects in the warrant may not, generally, invalidate service of the warrant if the officers acted in good faith. This, according to the Supreme Court, accommodates the purpose of the exclusionary rule.[49]

Good faith, however, is an objective standard. The *Leon* Court recognized the good-faith doctrine, but contemporaneously drew exceptions to that doctrine: good faith will not save a

---

[48] Dept Homeland Security Report, Topic: Execution of Search Warrant on Email Address, Agent Kanatzar, 11.29.12, at pg. 2, attached as Exhibit 406.

[49] *United States v. Leon,* 468 US 897 (1984).

warrant based on false information[50]; where the issuing magistrate abandoned the judicial role in reviewing the warrant; where the affidavit is so lacking in probable cause that good faith in the warrant is simply not possible; and, finally, "depending on the circumstances of the particular case, a warrant may be so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid."[51] The government bears the burden or proving whether a deficient warrant can be saved by *Leon's* good-faith doctrine.[52]

Here, both the first and last exceptions may apply. If the Court finds that the affidavit contained false information – intentional, reckless, or by omission – *Leon* will not save the warrant.[53]

Second, alternatively, this last exception should be considered.  Clearly, the warrant seeking all information held by the service provider is lacking in particularity. And the affiant is also the executing officer, so there is no gap in knowledge. Mr. Deppish argues that the affidavit and warrant are so facially deficient in this respect that, objectively, a reasonable officer could not presume its validity.

---

[50] *See United States v. Barthelman*, at *4. (Court found parts of the affidavit were not credible and refused to save the warrant by *Leon).*

[51] *Leon,* at 923.

[52] *Roach*, at 1204.

[53] *United States v. Barthelman*, at *4.; *United States v. Troxel,* 564 F.Supp.2d at 1251.

-19-

But there is the added twist of *Application I*. As reviewed above, in this district, prior to this warrant[54], a magistrate judge had rejected this sort of warrant – the same warrant in terms of structure and information sought – prior to the application in this case. Aside from the *Franks* issue, in terms of a reasonable officer's reliance on this warrant, there are questions about whether a reasonable officer would have been aware, or should have known of, the existing and contrary opinion; whether the prosecution assisted in the application and was aware; whether the issuing magistrate was so informed outside the affidavit; and whether there was a deliberate decision to present the warrant to a magistrate other than Judge Waxse. The answers should bear on whether the warrant is to be saved based on good faith, because culpability and knowledge are factors in *Leon's* objective reasonableness standard,

> The pertinent analysis of deterrence and culpability is objective, not an inquiry into the subjective awareness of arresting officers . . . We have already held that our good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal in light of all of the circumstances. These circumstances frequently include a particular officer's knowledge and experience, but that does not make the test any more subjective than the one for probable cause, which looks to an officer's knowledge and experience, but not his subjective intent.[55]

Thus, in this case, the definitive issue may be whether a reasonably well-trained officer, aware of the contrary case law in this district, could have in good faith relied a warrant of the

---

[54]Judge Waxse's initial written decision was issued September 12, 2012, (*Application I*), and the warrant here was issued November 29, 2012.

[55]*Herring v. United States*, 555 US 135, 145-46 (2009)(internal citations and quotations omitted).

same caliber and scope. "Indeed, law enforcement officials are presumed to have a reasonable knowledge of the law, and we determine good faith in this context by considering whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization."[56] This Court should find that a reasonable officer could have presented the warrant to be valid, especially after *Application I*, and *Leon* will not save the warrant.

## VIII. Conclusion

**WHEREFORE**, Mr. Deppish asks this Court to follow case law of this district to find that the warrant was not sufficiently particular to satisfy the Fourth Amendment; that the affidavit failed to establish probable cause to believe evidence of the suspected crime would be found in the email account; or that sufficient questions exist to grant an evidentiary hearing pursuant to *Franks v. Delaware*.  And, finally, that *Leon* does not save this flawed warrant. The evidence and information derived from the warrant should be excluded from trial.

Respectfully submitted,

S/Melody Evans
MELODY EVANS #17612
Assistant Federal Public Defender
   For the District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
E-mail Address: melody_evans@fd.org

---

[56]*Roach*, at 1204.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 8, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christine E. Kenney
Assistant United States Attorney
Christine.Kenney@usdoj.gov


s/ Melody Evans