IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-40070-01-JAR |
| ) | |
| SCOTT C. DEPPISH, ) | |
| Defendant. ) | |
| _____ ) | |

**MOTION TO SUPPRESS**
**RESIDENTIAL SEARCH WARRANT**

COMES NOW Scott Deppish to ask this Court to exclude from trial all evidence and information derived from the search of Mr. Deppish's home, particularly computers and other material seized pursuant to a state search warrant. The warrant lacked probable cause, omitted exculpatory information, and is not subject to the good faith doctrine of *United States v. Leon*. Accordingly, an evidentiary hearing is requested to determine whether the warrant violated the protections of the Fourth Amendment.

**I. Relevant Facts**

A motion to suppress the search of a related Yahoo email account is filed contemporaneously with this motion, and Mr. Deppish incorporates facts relevant to this motion.

That warrant, hereinafter the Yahoo email warrant, was issued by a federal magistrate, and information returned to Homeland Security Agent Kanatzar on December 19, 2012. From that information, some 1028 emails were reviewed. None contained any child pornography or evidence that Mr. Deppish was trading child pornography through that email or use of a

computer.[1] A review of the wide swath of information provided by Yahoo – email content, contact lists, draft emails, alternate email addresses, calendar, financial data, sources and destinations – also revealed no evidence of child sexual exploitation.

Agent Kanatzar, in the federal Yahoo email affidavit, swore that, based on his training and experience, he "believe(d) that the email account pigbreeder1971@yahoo.com (would) contain items, . . . which constitute evidence, fruits and instrumentalities of violations of federal computer crime and child exploitation laws."[2] It did not. In fact, other than confirming that the email was listed on the imgsrc.ru account, the search warrant results were exculpatory.

Subsequently, Agent Kanatzar contacted a Junction City, Kansas, police officer, Cory Odell, about Mr. Deppish. Based, in part, on Kanatzar's information, Officer Odell applied for a state warrant to search Mr. Deppish's home.[3] As part of the warrant application, dated

---

[1] Dept Homeland Security Report, Agent Kanatzar, 2,12,13, Topic: Examination of Email Address for Child Porn (attached as Exhibit 406)("On December 19, 2012, YAHOO sent to SA Kanatzar, via fedex, a CD ROM disk that contained the contents of the email address "pigbreeder1971®yahoo.com". The examination of the email address "pigbreeder1971®yahoo.com" revealed approximately 1028 email messages during the time period of January 19, 2012 to December 5, 2012. None of the approximately 1028 email messages contained · attached image or movie files. No child pornography images or movies were found in the email address "pigbreeder1971®yahoo.com". The majority of the 1028 email messages are related to the poetry chat group "strangebrew®yahoogroups.com". Approximately 84 of the 1028 email messages were related to the Russian web site "imgsrc.ru" with the majority of the email messages from individuals requesting the password to "Dirtyoldman71" password protected photo album. Approximately 6 of the 84 email messages were from other "imgsrc.ru" account users who were providing to "Dirtyoldman71" passwords to their photo albums. SA Kanatzar was able to access some of the photo albums of the other "imgsrc.ru" users and no child pornography images were discovered .in the photo albums. Two "imgsrc.ru" photo album accounts were locked and a message stated that the accounts were locked for the posting of inappropriate material.").

[2] Exhibit 402.

[3] The affidavit and warrants are attached as Exhibits 408, 407, and 409, respectively.

February 5, 2013, information from Agent Kanatzar was recounted, including a description of the four images on the Russian website and the trail to Mr. Deppish.

Wholly absent from the state affidavit was any mention of the federal warrant for the Yahoo email account. Also omitted was the result of that warrant: no child pornography, no incriminating emails, no incriminating evidence at all, other than a confirmation that the targeted email was linked to the account holder at imgsrc.ru. The extent of the information reviewed, and the corresponding lack of incriminating evidence, was never referenced.

Also unmentioned was the fact that the site imgsrc.ru had locked some accounts as inappropriate. The state affidavit asserted that the images were "posted to a Russian website known to have child pornography." The implication is that this site was for child pornography. The fact that imgsrc.ru locked albums "for posting inappropriate material" counters that implication, but the state court magistrate was unaware.[4]

The state affidavit also reports an interview with Mr. Deppish, who identified his granddaughter in the photograph, but denied ever posting the photos, using the email pigbreeder1971, or the accounts of Dirtyoldman71 at imgsrc.ru. His granddaughter, a 12-year-old, was interviewed and denied any inappropriate activity with anyone. The photographs were described by the state affiant without any conclusory opinion about their legality.

The state affidavit's request was extremely broad and requested the search of Mr. Deppish's residence. On February 11, 2013, the state court signed the warrant, but only after

---

[4] Affidavit, attached as Exhibit 408.

adding a handwritten note, "Authorization limited to Mr. Deppish's HP computer and other item above described belonging to him or in his control."[5]

That warrant was served. Two days later, a new search warrant was issued authorizing the search of the HP computer, four hard drives, several CD's, discs, and some VHS tapes seized from Mr. Deppish's home during the initial search.

Nowhere is it explained why the federal agent who obtained the federal warrant for the email then decided to seek a state warrant for Mr. Deppish's home and computer. Until Agent Kanatzar contacted the Junction City officer, this was purely a federal investigation.

## II. Lack of Probable Cause

Mr. Deppish adopts and incorporates the relevant authority and argument from the Motion to Suppress Yahoo Email Search Warrant.

A warrant must be supported by probable cause to believe that evidence of a crime will be found in the place to be searched.[6] That is, the affidavit must have sufficient facts to allow a prudent person, within the totality of the circumstances, to believe that there is a fair probability that evidence of the crime will be found in the place to be searched.[7]

This warrant fails to show probable cause of a crime. The images described in the affidavit are not child pornography and do not depict sexually explicit conduct. These images are not inherently sexual in nature, even by the affiant's description. A clothed or covered

---

[5] Exhibit 407.

[6] *Illinois v. Gates*, 462 US 213, 238 (1983).

[7] *United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001).

sleeping child, with no one else in the photo and nothing being done to the child is not criminal. – the photos do not come within the ambit of sexually explicit material.[8]

The facts that link Mr. Deppish to the photographs and that link the email to the imgsrc.ru website are not enough to establish probable cause. Compare the Second Circuit decision in *United States v. Coreas*[9]. The Court excised misleading statements in the affidavit that asserted that a website was exclusively child porn and that by joining, emails with child porn were automatically sent to the subscriber. In assessing the remaining probable cause, the defendant's subscription to the site, known for child porn trafficking, did "not remotely satisfy Fourth Amendment standards. We had thought it was well settled that a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. In the view of this panel, that does not remotely satisfy Fourth Amendment standards. We had thought it was well settled that a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person."[10]

Beyond that, the affidavit includes that Mr. Deppish denied any wrongdoing, and that the girl who is apparently the subject of the photos denied any misconduct. Nothing else is offered to support a fair probability that evidence of child pornography would be found in Mr.

---

[8] 18 U.S.C. §2256, *et seq.*

[9] *Coreas*, at 156.

[10] *Id.* (internal quotation marks omitted).

Deppish's computer or belongings. This is not sufficient reason to enter Mr. Deppish's home, seize his property, and then search for evidence of a crime.

**III.** *Franks v. Delaware*

Substantial exculpatory evidence was omitted from the state search warrant affidavit. The absence of this evidence in a place where it was expected is exculpatory. The result of the federal warrant on the Yahoo email account yielded no evidence of child pornography. That should have been disclosed to the state court magistrate, as it lessens the probability that evidence of child pornography would be found within the content of Mr. Deppish's computers.

The Warrant Clause of the Fourth Amendment protects against unreasonable searches by requiring a neutral and detached magistrate to determine whether probable cause exists, rather than leaving it "to the officer engaged in the often competitive business of ferreting out crime."[11] A neutral and detached magistrate should have known about the exculpatory results of the federal search warrant in determining probable cause. This is especially true because the affidavit contained other exculpatory information – that implies that the affiant fairly provided all the information, not just the inculpatory, and allows a stronger conclusion by the magistrate that there was no other exculpation.

*Franks v. Delaware* held that a search warrant based on an affidavit that includes knowing and intentional false statements, or statements made with reckless disregard of the truth, may void the warrant.[12] Usually, the defendant is not permitted to pierce the veil of the warrant to

---

[11] *Johnson v. United States*, 333 US 10, 13-14 (1948).

[12] 438 US 154, 156 (1978).

-6-

challenge probable cause. The exception is noted in *Franks*: upon a showing of falsity by a preponderance of the evidence, the reviewing court is to set aside the false material, and determine whether the remaining information supports probable cause to believe evidence of a crime would be found at the place to be searched.[13] Such a challenge must be permitted because "it is the magistrate who must determine independently whether there is probable cause, [thus] it would be an unthinkable imposition upon his authority if a warrant affidavit, revealed after the fact to contain a deliberate or reckless false statement, were to stand beyond impeachment."[14]

Equally, an affidavit may be false by omission[15], with the same result. The omitted material is added to the affidavit, and then a fresh probable cause determination is made.[16] If an affidavit "omits material information that would vitiate either the necessity or the probable cause requirements had it been included, the resultant evidence must be suppressed."[17]

That the omission may be attributed to the federal agent rather than the state affiant is of no moment. "Notably, we hold the Government accountable for statements made not only by the affiant but also for statements made by other government employees which were deliberately or recklessly false or misleading insofar as such statements were relied upon by the

---

[13]*Id.*

[14]*Id.* at 165.

[15]*United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997)(failure to include drug dog's poor performance record from affidavit was a material omission, and entitled to a hearing; but finding probable cause with the inclusion of the material).

[16]*Id.*

[17]*United States v. Green*, 175 F.3d 822, 828 (10th Cir. 1999).

affiant in making the affidavit."[18] Agent Kanatzar was the affiant for the federal warrant and knew of the exculpatory results. Further, he took this matter to the local authorities and provided the initial information about imgsrc.ru, the posted photos, and the connection to Mr. Deppish. Whether he withheld the results of the federal warrant, or provided it to the state officer who then omitted the information from his affidavit, makes no difference to the *Franks* inquiry.

The defendant bears the burden of proof by a preponderance of the evidence, and must make allegations of falsity or material omissions, along with an offer of proof. With this, the defendant is entitled to an evidentiary hearing.[19] Here, by attaching the state affidavit, the federal affidavit, and the Agent's narrative report, Mr. Deppish has made a sufficient offer of proof to garner a hearing before this Court.

The absence of child pornography in the Yahoo email account is made obvious by Agent Kanatzar's assertion in his federal affidavit. In paragraph 7, he described a similar situation in which another agent posted images - not children - on that website with an email address and, as a result, received "hundreds of images and movie files of child pornography from individuals wanting to trade child pornography with the undercover agent."

With that experience, it must have been noteworthy and significant to Agent Kanatzar that no child pornography was found in the email account, even though 84 emails were related to that album at imgsrc.ru. He represented that he expected that child pornography would be

---

[18] *United States v. Campbell*, 603 F.3d 1218, 1228 (10th Cir. 2010)(internal quotation marks omitted).

[19] *United States v. Trexzel,* 564 F.Supp.2d 1235, 1244 and n.3 (D. Kan. 2008)

found at Mr. Deppish's email, and it was not there. The start contrast between his expectations and the result emphasized the exculpatory nature of the federal warrant.

But, none of this - the expected results and the actual results - was revealed to the state court magistrate.

Further, a number of inappropriate comments were posted at the imgsrc.ru site in response to the images, but there was no response from Dirtyoldman71, either on the comment section of the account or by email. Since Agent Kanatzar posited that Dirtyoldman71 "effectively signaled" to others that he may be the source of child pornography, the absolute silence in response is, likewise, exculpatory. And, likewise, it was omitted from the state court affidavit and unknown to the Magistrate Court.

The brief language of the state affiant about the website imgsrc.ru implies that it is a site for child pornography. This is a critical point.[20] Given the paucity of other probable cause information, the suggestion that this was a child pornography site, when, in fact, the site locked at least two albums that Agent Kanatzar tried to access because the content was inappropriate, confirms that the affidavit was misleading both in content and by omission. This also defeats any

---

[20] *See United States v. Froman*, 355 F3d 882, 889-891 (5th Cir 2004)(discussing how the false implication that a website was used solely for child pornography factored into probable cause determination: "The magistrate was entitled to infer from the affidavit that the singular purpose of Candyman was to trade pornography among its members. As such the magistrate was entitled to conclude that the overriding reason someone would join this group was to permit him to receive and trade child pornography. We agree with the district court that it is common sense that a person who voluntarily joins a group such as Candyman, remains a member of the group for approximately a month without cancelling his subscription, and uses screen names that reflect his interest in child pornography, would download such pornography from the website and have it in his possession. . . . The statement in the affidavit that all members automatically received e-mails certainly improved the government's case that Froman had in his possession child pornography that he had received from Candyman e-mails. We are satisfied, however, that even without this statement, there is probable cause for issuance of the warrant.").

credibile argument that the inconsistencies were innocent mistakes as opposed to, at least reckless disregard for the truth. Indeed, probable cause cannot be based solely on an individual's "mere propinquity to others suspected of criminal activity." [21] The distinction between websites dedicated to child porn and those which also include innocent content is important in the area of probable cause determination[22]. Any inaccuracy in this regard to the state magistrate is significant.

With this, Mr. Deppish has made the threshold showing of falsity by omission and is entitled to a *Franks* hearing.[23] From here, the analytical method employed in *United States v. Troxel* is helpful. The Court first determined that the defendant had made a sufficient offer of proof to win a hearing. [24] The Court then determined that the affidavit, in fact, contained

---

[21] *See United States v. Falso*, 544 F3d 110, 118-19 (2d Cir 2008), analyzing the question of whether a website was used solely by child pornographers or also for innocent purposes, the Court quoted a dissenting judge from a similar case, *United States v, Martin*, 426 F3d 68 (2d Cir 2005), which quoted, in turn, the Supreme Court in *Ybarra v. Illinois*, 444 US 85 (1979).

[22] *Id.*; *see, also, United States v. Martin, supra; United States v. Coreas*, 419 F3d 151 (2d Cir 2005)(Here, it is clear that Coreas has satisfied the first prong of the Franks standard. Two courts, after full evidentiary hearings, determined that the Binney-based allegations, to the effect that every *156 member of Candyman automatically received e-mailed files containing child pornography, were not only inaccurate but also made in reckless disregard of the truth. These factual findings, which the Government chose not to appeal, are therefore binding on the Government.").

[23] *United States v. Kennedy,* 131 F.3d 1371, 1376 (10th Cir. 1997)(Under *Franks*, a hearing on the veracity of the affidavit supporting a warrant is required if the defendant makes a substantial showing that the affidavit contains intentional or reckless false statements and if the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause. If the defendant establishes at the evidentiary hearing by a preponderance of the evidence that the false statement was included in the affidavit by the affiant "knowingly and intentionally, or with reckless disregard for the truth," and the false statement was "necessary to the finding of probable cause," then the Supreme Court has ruled that "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.")(internal citations omitted).

[24] *Troxel* at n.3

"affirmative misstatements and omissions."[25] Then, the false statements were excised, and the omitted material added, relying on the evidence adduced at the hearing.[26] Materiality was the next inquiry, and finally whether probably cause remained.[27] Importantly, the false information must be excused - it cannot be replaced or corrected as if true facts established at the hearing.[28] After the review, the *Troxel* Court suppressed the evidence.[29] The same analysis here should have the same result.

**IV.** *United States v. Leon*: **Good-Faith Exception**

The good faith exception recognized in *United States v. Leon*[30] can salvage an otherwise defective warrant. It does not, however, apply when the affidavit contains false information or omitted material facts.[31] "Because the search warrant cannot be upheld under *Franks*, the good faith doctrine has no application."[32]

**V. Conclusion**

WHEREFORE, upon the showing of omitted material facts from the state search warrant affidavit, the Court should either grant Mr. Deppish further hearing on the truthfulness

---

[25]*Id.* at 1244.

[26]*Id.* at 1245.

[27]*Id.* at 1247-48.

[28]*Id.*

[29]*Id.* at 1250-51.

[30]468 US 897 (1984).

[31]*Campbell*, at 1225.

[32]*United States v. Troxel*, at 1251.

of the affidavit, or add the omitted exculpatory information to find that probable cause did not support the warrant. All information derived from the search of Mr. Deppish's home should be suppressed.

> Respectfully submitted,
>
> S/Melody Evans
> MELODY EVANS #17612
> Interim Federal Public Defender
>   For the District of Kansas
> 117 SW 6th Avenue, Suite 200
> Topeka, Kansas 66603-3840
> Phone: 785/232-9828
> Fax: 785/232-9886
> E-mail Address: melody_evans@fd.org
> Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christine E. Kenney
Assistant United States Attorney
Christine.Kenney@usdoj.gov

> s/ Melody Evans