# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-40070-01-JAR |
| | ) | |
| SCOTT C. DEPPISH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the court upon Scott C. Deppish's Motion to Modify Conditions of Pre-Trial Release (ECF No. 18). Mr. Deppish seeks an order modifying the previously imposed conditions of pretrial release, including electronic monitoring, curfew, and travel restrictions. Mr. Deppish argues that the mandatory imposition of these conditions pursuant to the Bail Reform Act of 1984, as amended by the Adam Walsh Child Protection Safety Act of 2006, violates his Fifth Amendment due process rights and violates the Excessive Bail Clause of the Eighth Amendment. For the reasons set forth below, the court agrees and grants Mr. Deppish another hearing to determine whether the pretrial release conditions required by the Adam Walsh amendments are necessary to reasonably assure the appearance of Mr. Deppish or to assure the safety of any other person or the community.

Mr. Deppish was indicted on June 26, 2013, on one count of distribution of child pornography in violation of 18 U.S.C.§ 2256 and 18 U.S.C. § 2252(a)(2) and on one count of access with intent to view child pornography in violation of 18 U.S.C.§ 2256 and 18 U.S.C. § 2252(a)(4)(B). Mr. Deppish appeared before the undersigned magistrate judge on July 2, 2013, during which time the court ordered that Mr. Deppish be released pending trial. Among the various conditions of Mr. Deppish's pretrial release, the court also imposed certain conditions

required by the Adam Walsh amendments. For the types of crimes with which Mr. Deppish is charged, 18 U.S.C. § 3142(c)(1)(B) requires that "any release order shall contain, at a minimum, a condition of electronic monitoring," travel restrictions, the requirement that the defendant avoid all contact with the alleged victim and with potential witnesses, report to pretrial services or another agency, comply with a specified curfew, and refrain from possessing weapons.

At the time of the hearing, Mr. Deppish voiced no objection to the conditions imposed. However, Mr. Deppish now argues that the imposition of these mandatory conditions—specifically, the conditions of electronic monitoring, travel restrictions, and curfew—without further case-specific findings regarding dangerousness or risk of flight violates his constitutional rights. In 2007, another magistrate judge sitting in this district considered the same issues presently before the undersigned.[1] Magistrate Judge David J. Waxse relied on the 2006 opinion from the Western District of New York, *United States v. Crowell*, in holding that insofar as the Adam Walsh amendments mandate the imposition of specific conditions for a defendant's pretrial release, the Act violates the Due Process Clause of the Fifth Amendment, the separation of powers doctrine, and the Excessive Bail Clause of the Eighth Amendment.[2] Because Mr. Deppish lodges challenges based on the Due Process Clause of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment, the court briefly addresses these issues below, incorporating the reasoning of the *Crowell* opinion.

The Fifth Amendment's Due Process Clause provides that no person shall "be deprived of life, liberty, or property, without due process of law." District Judge Carlos Murguia affirmed

---

[1] *See United States v. Vujnovich*, No. 07-20126-01-CM-DJW, 2007 WL 4125901 (D. Kan. Nov. 20, 2007).

[2] *See id.* at *2 (relying on *United States v. Crowell*, 06–M–1095, 06–CR–291E(F), 06–CR–304S(F), 2006 WL 3541736 (W.D.N.Y. Dec. 7, 2006)).

Judge Waxse's conclusions regarding defendant's Due Process challenge.[3] Judge Murguia concluded that the mandatory imposition of pretrial conditions had eliminated an independent judicial determination as to whether those conditions were necessary to secure the appearance of the defendant or the safety of other persons or the community. Judge Murguia also relied on *Crowell*, which reasons that the Adam Walsh amendments' mandatory pretrial release conditions effectively creates "an irrebuttable presumption that the appearance at trial of arrestees charged with certain crimes, and the safety of the community, cannot be reasonably assured without such conditions."[4] But, an arrest alone cannot establish that a defendant poses a danger.[5] "[T]he arrest merely triggers the ability to hold a hearing during which such a determination can be made."[6] The Adam Walsh amendments violate the Due Process Clause of the Fifth Amendment to the extent they require the imposition of certain conditions of pretrial release without affording the defendant an opportunity to contest whether those conditions are necessary to assure his appearance in court or the safety of persons or the community.

The Excessive Bail Clause of the Eighth Amendment commands that, "Excessive bail shall not be required[.]" To comply with the Excessive Bail Clause, the court must base conditions of pretrial release "upon standards relevant to the purpose of assuring the presence of that defendant"[7] or ensuring the safety of the alleged victim and the community.[8] Additionally, in

---

[3] *See United States v. Vujnovich*, No. 07-20126-01-CM-DJW, 2008 WL 687203, at *3 (D. Kan. Mar. 11, 2008).

[4] *Crowell*, 2006 WL 3541736, at *9.

[5] *See id.* at *10 (citing *United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006)).

[6] *Id.*

[7] *See Stack v. Boyle*, 342 U.S. 1, 5 (1951).

[8] *See United States v. Montalvo-Murillo*, 495 U.S. 711, 714 (1990) (observing that among the considerations at a bail hearing are whether the defendant poses a risk of flight or a threat to the community).

upholding the constitutionality of the Bail Reform Act, the Supreme Court in *United States v. Salerno*, stated that the only arguable substantive limitation of the Excessive Bail Clause "is that the Government's proposed conditions of release or detention not be 'excessive' in light of the perceived evil."[9] *Crowell* reasons that the imposition of mandatory conditions without consideration of whether they serve to assure the appearance of the defendant or the safety of persons or the community could subject a defendant to excessive bail:

> Although the additional conditions sought to be required would further advance the public's valid interest in protecting children from sexual abuse and exploitation through the production or possession of such pornography and, as such, are not *per se* violative of the Eighth Amendment's prohibition against excessive bail, the imposition of such conditions on all defendants charged with certain crimes, regardless of the personal characteristics of each defendant and circumstances of the offense, without any consideration of factors demonstrating that those same legitimate objectives cannot be achieved with less onerous release conditions, will subject a defendant, for whom such conditions are, in the court's judgment, unnecessary, to excessive bail in violation of the Eighth Amendment.[10]

The court agrees with the above analysis. For the reasons explained in this order, and set forth more fully in the *Crowell* opinion, the court holds that it must make an individualized determination as to whether the conditions of pretrial release required by the Adam Walsh amendments are truly necessary to reasonably assure the appearance of Mr. Deppish or to assure the safety of any other person or the community.

Accordingly,

**IT IS THEREFORE ORDERED** that Scott C. Deppish's Motion to Modify Conditions of Pre-Trial Release (ECF No. 18) is granted insofar as this order affords Mr. Deppish an

---

[9] *United States v. Salerno*, 481 U.S. 739, 754 (1987).

[10] *Crowell*, 2006 WL 3541736, at *7.

opportunity to contest whether the conditions of electronic monitoring, travel restrictions, and curfew are necessary conditions for his release.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius<br>
K. Gary Sebelius<br>
U.S. Magistrate Judge